W. H. MILLER, COUNTY ATTORNEY, *v.* S. H. BAUGHMAN.

[Abstract Kentucky Law Reporter, Vol. 3—328.]

**Appeal from Claim Against the County.**
> Under the provisions of 1 Acts 1879, p. 651, Ch. 632, the county attorney may appeal to the circuit court in his own name for the use of the county, from the allowance of a claim in Lincoln county, and if judgment be rendered against him in that court he may appeal to the Court of Appeals.

APPEAL FROM LINCOLN CIRCUIT COURT.

October 11, 1881.

OPINION BY JUDGE LEWIS:

At the October term, 1880, of the Lincoln County Court of Claims appellee presented a claim against that county, in which was included a charge of $300 for additional compensation as sheriff under an order of the county court at its January term, 1880, which was allowed by the court of claims. From the order allowing the charge of $300 the county attorney of Lincoln county appealed in his own name to the Lincoln Circuit Court, which court, upon the motion of appellee, rendered judgment dismissing the appeal, and from that judgment the county attorney has appealed to this court.

The ground upon which the motion to dismiss the appeal from the order of the court of claims was made and sustained by the circuit court is that the act of the legislature giving to the county attorney the right to prosecute the appeal in his own name is

repugnant to the constitution of this state, Art. 2, § 37, which declares that "No law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title."

The act was approved March 29, 1880, and is entitled "An act requiring persons having claims against the counties of Magoffin, Floyd, Carter, Elliott, Johnson, Menifee, Fleming, Lincoln, Nicholas, Robertson, or Bath to file them ten days before the first day of their annual court of claims." 1 Acts 1879, p. 651, Ch. 632.

By the third section of that act it is provided that "The county attorney, in his name, for the use of the county, may prosecute an appeal to the circuit court from the allowance of any claim against either of the counties herein named, when the amount is twenty dollars and upwards, without executing bond for cost."

The first question to be considered is whether, conceding the act to be constitutional, the county attorney may in his own name for the use of the county prosecute this appeal. No express authority is conferred upon him by the act to prosecute an appeal to any other than the circuit court. But having by virtue of the act acquired a standing in that court, he is upon equality with other litigants, and it is very questionable whether the legislature would have the power to deny him the same right of appeal therefrom possessed by others. At least the legislature's intent to do so must be clearly expressed before this court will decide such to be the case. The manifest object of the act being to protect the counties mentioned in the title against the allowance by the court of claims of improper claims, it is a reasonable presumption that the legislature intended to confer upon county attorneys the right to appeal to this court if in their opinions the ends of justice should so demand.

Although the subject of the law is not expressed in the title with technical accuracy, it is done so substantially. The law relates to but one subject, and that is claims against the counties enumerated, which are annually presented to and passed upon by the respective courts of claims. All the provisions of the act relate directly or indirectly to that subject, have a natural connection, and none of them are foreign to the subject expressed in the title. We are of the opinion that the act is not in conflict with the constitution. The object is plainly indicated in the title,

and every section is both consistent with and in aid of that object.

Wherefore the judgment of the court below dismissing the appeal from the court of claims is *reversed* and the cause is remanded for further proceedings consistent with this opinion.

*W. H. Miller, for appellant.*

*Welsh & Saufley, for appellee.*